Good morning, your honors. Thank you very much. My name is Jesse Rivera. I am appearing on behalf of Appellant Brad Swingle, Amanda Heitlinger, and the Errada Law Firm. Also appearing with my colleague, Michael Mordaunt. We'll be sharing the time today. I'll be taking approximately six minutes. Mr. Mordaunt will take six, and we're hoping to have three minutes in rebuttal. If we may, your honor, on this particular case, we believe the district court erred when they held that Gonzales versus Spencer established a federal constitutional right regarding access to juvenile court records. In this particular matter, the only case that even seemed to address whether or not there was any type of right to juvenile court records is a Gonzales case. But the 2003 case in the Ninth Circuit, a per curiam decision that really was only very brief and not once cited to any federal constitutional law. The only item it cited to was state actor, in its opinion, but it did not cite to any cases. It did not cite to any Fourth Amendment case, did not cite to any 14th Amendment case. All it did was make a ruling and remanded the case back down for hearing, presumably on a Rule 12 motion that was done. So there was very little information given in that case. That particular case involved a private law firm that was retained by the state, or in that case, the county. I should say public entity, to represent their interest in a lawsuit that was filed by Mr. Gonzales. And they did not identify any, as indicated, any federal constitutional right. In this particular case, the district court found that there was a Fourth Amendment violation citing Gonzales for that proposition. We believe that the district court overread Gonzales. We believe that they improperly expanded Gonzales' reading and ignored, maybe not ignored, but because they certainly did discuss it, but did not agree with the analysis of three other courts from other districts, two from the Central District and one from the Southern District, that found that there was no constitutional right. Yes, Your Honor. What do you think should be done about Gonzales? I mean, it's a published opinion. The district court didn't have the option to ignore it. I would agree that they did not have the option to ignore it. But I think they overread it, quite frankly. I do not believe that Gonzales ever specifically held any right, constitutional, federal constitutional right was available to them for the juvenile court records. If you look at Gonzales' factual scenario there, it's a little bit different than ours. In there, there was a private law firm like ours. However, that particular case was a lawsuit that was filed after the action was filed, because it appeared that the law firm represented the county. That case got resolved or did whatever it happened. And then subsequently, then there was a lawsuit filed. So the questions were a little bit different there. The question became whether or not there was a state actor, and then there was any other issues involved. And the court just did not analyze this to make a determination as to really what was going on here. Well, let me just say that the complaints have overread the case. I don't understand what you mean. You can allege a constitutional violation, or the court can find a constitutional violation, or arguably a constitutional violation either here under the 14th Amendment. But it seems to me by the dissent, they were focusing on the Fourth Amendment. Without citing any case law. That happens all the time. Well, your court's correct. They did not cite any case law. And that's what makes this even more confusing. Our district court found this on a Fourth Amendment issue, not a 14th Amendment issue. And what makes this quite interesting in our case, here this is really an access case. This is not a privacy case. Because when you look at what the appellees are actually arguing here, they're arguing that the constitutional right was violated to the access of the documents, not that the privacy of the documents. Because when you read the excerpt of record page 32 lines three through nine, plaintiffs hadn't intended to use all these records in the course of this lawsuit, which means that it was not going to be a privacy issue. Their argument here is that there was an access issue in violation of state statute, the Welfare and Institutions Code, section 827. Now, if you're going to analyze a violation under state statute, you have to look at the procedural issues. And that has to be a 14th Amendment argument, not a Fourth Amendment. And it's pretty clear from the case law that we've seen. I have to ask you this. Are you saying in the complaint itself, where will we all start? The allegation was Fourth Amendment and not 14th Amendment access? No, the complaint didn't really say that. The complaint just said Fourth and 14th, so they said both. Well, they did allege it. But they alleged it in that term. But what I'm suggesting is the holding of the district court here was solely under the Fourth Amendment grounds. But when you really, if you're going to do that, look at the complaint. Because this is an access allegation. It's not a privacy allegation. And they made it clear in the complaint that that was for that. Yes, Your Honor. Counsel, I'm not sure this is a question for you or your co-counsel, but I'm just curious. There's a provision in the Welfare and Institutions Code section 827A1J double Romanet I's, which addresses the availability of confidential information to parties to the case in civil litigation. And I'm wondering whether that has any application here. Well, we believe that it does. When you look at the factual scenario in our case, you have county counsel, per the complaint, obtaining the documents and then providing them to counsel, which would be my clients, who were retained by the public entity to represent their interest in this action. So we believe that they would clearly fall within. That provision addresses, though, I think a state agency. That was what was confusing to me. And I guess the question is whether or not the community services agency of Stanislaus County is the same as the State Department of Social Welfare or whatever it is that's referred to in the statute. I can't necessarily say that they're the same. They're certainly related. I know one reports to the other as a lower entity reports to the state. But the key issue there is that the documents are actually prepared by the county. So when you look at it, the documents are being prepared by the clients of both the county counsel and of my clients, because we represent them. So we believe that the access to them is appropriate. The court asked us to respond to a particular question, is whether or not a party who receives records that were accessed by another, in perceived violation of 827, if that was a constitutional right violation. And our answer is unequivocally, it's not. There's three cases, as we indicated, the Ismael case, the Rigsby case, and then a very, very recent case in the Southern District that came out just about a month before our case, the A.C. Worcester-Cortez case. That particular case is currently on appeal. The oral argument is stayed at the moment, pending the outcome, I believe, of this particular case. But it's very important that none of those cases found that there was a constitutional right that had ever been implicated by the obtaining of juvenile court records. And no court that we have been able to find has ruled that there was a constitutional right for obtaining juvenile court records. We certainly have not found any- You draw a distinction between obtaining records versus simply possessing them? I mean, I guess it's sort of akin to the criminal idea of the fruit of the poisonous tree. You'd cut it off after the access, so that even if, for the sake of my question, it was wrong to access it, it's not wrong for outside counsel to have it in its possession. Not when they obtained it directly from county counsel who had the authority to obtain that information. And it's from the same- And the other thing is, it's for your client. It's documents that were prepared by your client. So it's not a situation where you're obtaining documents from a third party or something of that nature. That's not what we're talking about. And I'm assuming that the Office of County Counsel also advises its, I'll call it the CSA, in conjunction with all of its investigations, and would routinely have access to this type of information in rendering legal advice to the social workers when they're conducting these abuse investigations. That would absolutely be the case, Your Honor. And just briefly, because I know my time is just about up, and I wanted to provide some time for Mr. Mordaunt, we found no Supreme Court case, nor any other circuit case, that identified a juvenile court constitute, or a right not to obtain the juvenile court records. So we do believe that the court was strained in their view of this particular matter in Gonzales. They used such terms as structure of the opinion and unspoken analysis in their discussion, which we believe it was a little too broad in their review of this. It looks like my time is up. I'll pass it to Mr. Mordaunt, who's gonna be discussing some other issues, including the qualified immunity issue. Good morning, Your Honors. I may have pleased the court. I'm Michael Mordaunt. I'm appearing on behalf of the defendants and appellants, Terry Stevens in the County of Stanislaus. The focus of my argument is on prong two with the qualified immunity argument. I wanna point out, that's an issue that the Gonzales Court never reached, never discussed. And the key words in determining whether the second prong on a qualified immunity plot are clearly established and beyond debate. Is it clearly established or beyond debate that existing precedent placed the constitutional question beyond debate? And this is where I believe the plaintiff's argument fails. Plaintiff, in his brief, does no analysis of whether the constitutional issue is beyond debate or clearly established. All he says is, hey, there was a violation of a state statute. And that's not sufficient inquiry. This isn't a state cause of action or in state court. This is a federal cause of action under federal law. And the fact that a state statute may or may not have been violated, doesn't get past the second prong of the qualified immunity. The federal issue is whether Ms. Stevens knew it was a violation of a federal right to privacy that was clearly established, clearly and beyond debate. And I think that's where the second prong of the qualified immunity establishes her protection. Now, if you, and I think the strongest point in my limited time here, Your Honor, to point out to the court as to why it's not clearly established is to look at the fact that there were three district court judges and one magistrate judge, all of whom analyzed Gonzales and found that it did not establish the constitutional right to the juvenile records. So my point is, if the district court judges can't agree on what Gonzales says, how can we impose that obligation on Ms. Stevens or Mr. Schwingle to put them on notice that this is a constitutional violation? In the AC court, I think said it best. If the courts can't agree on what Gonzales' state stands for, how can this court state the law is clearly established such that it would put, in that case, two other attorneys on notice of a constitutional violation? Are you saying, let me ask you a question, counsel. Are you saying that as a matter of law, there never can be a constitutional allegation under the Fourth Amendment or the 14th Amendment for accessing or using juvenile records? So for example, to be more specific, are you saying in particular that the allegations are not made in this particular complaint? Because you have Gonzales, and they didn't really, they certainly more than alluded to it. So I'm asking, are you saying as a matter of law, there never can be, and that's what you wish us to find? So I understand your question, Your Honor. Simply alleging a violation of the state statute is not enough. It doesn't get you by the second point. Okay, so you're saying if we look at the complaint, no matter what, if in the broad scheme of things, you can at some point allege this, because by implication that it was at least inferred in the Gonzales case, that this particular complaint doesn't meet the mark because the only thing they allege was that there was a violation of state law. Am I right? You're right, Your Honor. I think that what it doesn't do, it doesn't meet the 1.2 of the qualified immunity. That's a question of law. This court can decide by looking at what the allegation, and we accept what's pledged. And we say that the qualified immunity applies in this case because the right was not clearly established or beyond debate. And it's shown that that's the case by the fact that three district court judges and one magistrate judge all thought the same thing. And they may have been right or they may have been wrong. The fact is, if they can't agree on what Gonzales says, that tells me, and I ask to tell the court that it's not clearly established or beyond debate. And if that's the case, the qualified immunity 1.2 applies, even if the court finds there's a constitutional right. So I see my time is up. So if there are any specific questions, the court would like to ask. Thank you. Thank you, your honors. May it please the court. I first wanna point out that the idea of protecting information containing personal information is not new. The Supreme Court in Wayland versus Roe in 1977 indicated that was a required aspect or a constitutional violation if violated. And the next thing I would like to do is- Under the fourth amendment or the 14th amendment counsel? In this case with the personal privacy, they're talking about the fourth. And I do hope- I thought it was substantive due process under the 14th amendment, if we're talking about Roe versus Wade in Wayland. So the question is whether or not Gonzales declared that juvenile records are entitled to the same protection. Well, clearly I believe it did. And this court determined that it did. You say clearly, but where in Gonzales? I only see two sentences in that case. And neither one of them expressly says that it's recognizing a constitutional right. Sometimes the violation- It assumes, it assumes when it sends it back and says, you know, if there were a constitutional violation then you're entitled to damages. But that's a far cry from saying we recognize that such a constitutional right exists. I believe that sometimes the clarity of a constitutional violation is so stark that you express it the way that the Gonzales court did, which is- If that's the case, then how can you distinguish the three district court cases and the Sixth Circuit opinion that comes out the other way? Well, we did that in our brief. Ishmael is a case about the medical records and whether a balancing test should be applied on those medical records. Rigsby differed significantly because they expressly said they are not addressing the disclosure of juvenile court records to third parties. So we distinguish those. And if you look at the reply briefs, you will notice those distinctions were not addressed because they don't apply. Gonzales was so clear that there was a constitutional violation, but that's why they need only say, we've already, we found one when they say, because Spencer improperly obtained access to juvenile court file, we need not reach the question of whether the use later in the depositions was additionally a constitutional violation. It is, as Judge Ishi said, it's clear that Gonzales necessarily holds, that's on page 19 of his decision, necessarily holds that you have a constitutional violation in this case. And so- So is it your position that no disclosures may be made by the CSA to its own attorney for seeking legal advice in connection with these types of investigations without first getting a court order to look- That last part. Yeah, that last part about getting the court order. That's real clear. You have a very thorough statutory scheme. And during your prior- So your answer is yes, the CSA cannot go to the County Council as its lawyer and ask for legal advice in connection with a child abuse investigation without first getting a court order to authorize the agency to disclose to its lawyer the factual basis on which it's seeking legal advice. Is that your position? The statute, okay, not during a pending juvenile proceeding, the statute makes- Now you've created an exception, have you not? No, sir. If there is an exception in the course of an investigation, then no constitutional right is violated. Isn't that true? During the course of a juvenile proceeding, and that's what 827 lays out quite clearly. And that's why it says, other than that, it talks about, you have to be a participating attorney in an active investigation. And that is not the facts of this case. I think what Tom is getting at, or what I want to follow up on is, we have to be concerned about a constitutional right, not California statutory law. And your argument seems to be that not only is there a constitutional right to privacy in juvenile records, but there's a constitutional right to that privacy unless there's a court order. Where are we going to find that in the constitution? I mean, are you, your argument is that we have to wrap up the California statute into the constitutional right? Our argument is that, as mentioned in the Gasol's decision by the, and it's as briefed in our brief, is that there is a settled expectation of privacy on a statute that was enacted in 1961 and expressed confidentiality. And for all the talk of the statute has changed, the confidentiality provision has never changed. The settled expectation of privacy, giving a rise to a constitutional right is not new. There's also the case of Carlos versus Cedia Chino. I'm sorry to keep interrupting, but does that mean that the constitutional right to privacy in juvenile records is different from state to state, if they have different procedures for protecting that privacy? You have a different reasonable expectation of privacy in different states? That may be the case in different states. However, please understand that the entirety of the juvenile dependency system is all derived from CAPTA. And that is where you get these confidentiality provisions. That is where you get these mandated reporters whose identities are kept. So I would imagine if I went to all the other states that I would find the exact same language because it's all derived from CAPTA. So, no, I expect that they would have a settled expectation of privacy as well. But here with Gonzalez versus Spencer, it's very clear that they do. Can you help me with the answer to my question? Oh, go ahead, Gisela. Give me an example of an analogy under protection of, let's say, privacy rights. In the Whelan case, isn't the Whelan case really distinguishable from this? The Supreme Court decision. Isn't it really distinguishable from this? Yes. It's not in the sense of the pronouncement that there's a confidentiality or privacy right in matters, personal matters. And I really asked the court to give me one minute. Personal matters. But what you're doing here is that you have elevated that to something where, merely because you've got a statutory right, is somehow that's personal right. If I've done that, I've done that just as Judge Ishii has, I'm sorry, just as the dissenting judge Gonzalez has done, where he cites the law on settled expectations of privacy. And there are other cases, Carlos versus the city of Chino Hills about an inmate who was supposed to get a phone call and he didn't get the phone call. And the court found, in the Ninth Circuit, found that that had elevated to a fundamental liberty interest for him to get a phone call. Here, we're talking about, if I may, what goes in these records. Please understand, I don't know if any of your honors have dealt with the juvenile dependency system, but I have, a long time. And what goes in those records is they do a social background with these parents and these people are talking about their sex life, their mental health history, their medical history. They could be talking about such things as being gang raped as a minor. So these aren't simple, like whether a dentist pulled the tooth or you had some minor surgery. These are very intimate items of information that deserve the protection. And what the Gonzalez case says is they expect it. We expect it. Saying that independent of the statute, they're entitled to protection because of the nature of that confidential information and because it involves a juvenile. So that you don't even need the statute and then you allege that. Well, you need this statute because in all instances where there might be private information, there may be circumstances where others are entitled to obtain it. And like a lawsuit, that's understandable, but that's why we have a notice provision in the statute. And that's why we could not appeal the denial of the 14th Amendment part of this decision. I assure you, we will come back if that is not put in because that is as clear as day. And that is part of the expectation that California residents have since 1961. But the question is whether it created a federal constitutional right. Can you help answer my question about section 827A1JII about the availability of confidential information to parties to the case and civil litigation? I can indeed. Forgive me for having to look this way to do it, but of course I pulled it up when your honor brought it up. If you'll notice the JI part, it specifies who it's talking about. It is talking about, as you indicated, people licensed by the state, but then what else besides being licensed by the state? Resource family approval, authorized staff employed by the State Department of Social Services as necessary to inspect, approve, or license and monitor community care facilities. And then it sounds like when they're referring to civil, they're referring to these cases of someone being fired for having injured a child in a foster care, but absolutely nothing in that provision says that you don't have to go to the court and get it. It says you can get access. The statute is lengthy. I understand- Your position is even in that situation before lawyers for the defense could get access to the information, they would have to do it by obtaining a court order to access it. I'm sorry, no, this is within J. So yes, that's right. It's some of the people who can get it, but they have to get the court order or inspect it and keep it in-house. I guess it sounds like it's inspected- Well, counsel, you're being a little slippery here. Either they have to get a court order in order to look at it in preparing their civil litigation or they don't. So does this provide an exception to the court order? Because otherwise the court could order disclosure to any number of people, presumably, if it is otherwise satisfied that the information is necessary and overrides the statutory right. Your final opinion. I want to reserve three minutes. I forgot to do that in the beginning, Your Honor, but I'm not being slippery. You brought up this provision of this statute during the course of this oral argument, and I'm trying to now find out because my case does not involve State Department of Social Services resource family approval. It does say that this is people entitled to inspect. It has nothing about not obtaining a court order to use it in separate litigation. That's what happened here. That's what Gonzales- What about the distinction between access versus possession? You have a claim against both in-house counsel for improperly accessing, but you've also sued outside counsel for having it. And it's based on what I see so far, they haven't yet used it in a deposition or anything like that. They just looked at it. So they're in violation of the statute as well? Absolutely. Absolutely. The statute says, cannot access nor inspect. And they did. The allegations in the complaint contained in the paragraph 60, 60 through 69 discussed as taken as true. The inspection of these documents, the participation in obtaining them, which under the principles of Boyd v. Benton about integral participation does not require an individual act to constitute a constitutional rights violation. So all of that applies. And I think that covers it, Your Honor, but I did want to address, I think you're leading into the issue that the court sent in a minute order on recently. Yes. I want to point out that under Butts versus Economo, a Supreme Court case again, it indicates that the qualified immunity doctrine recognizes that officials can act without fear of harassing litigation only if they reasonably can anticipate when their conduct may give rise to liability for damages. Now, just like Moody instead cited in our brief, I think it's the last case cited in our brief, Moody v. County of Alameda. Just like that case said, it is unfathomable to believe that a government worker knowing that they cannot engage in, in that case it was removal of a child based merely on emotional abuse claims, can then say that it's okay under constitutional law to do so. In other words, you couldn't have a reasonable expectation that you're acting lawfully when you know for sure under state law you're not acting lawfully. That was, that's the very last case. But it would be okay if the County Council looked at the information in the course of providing legal advice to the CSA when it's engaged in determining whether there has been child abuse. During the juvenile proceedings, yes. That's when the documents are- I'm suggesting that no dependency proceeding has yet been initiated. I'm just asking whether in the course of an investigation the CSA can reveal the contents of its investigative file to the County Council in order to solicit legal advice. Yes, because that is an active juvenile proceeding, investigative part of it. The juvenile child welfare agencies are considered an arm of the court. So yes, I mean, that's also, that's also when documents are just being created is when they get started. But yes, they have to consult with them about a warrant. Because it's the content of the documents that are constitutionally protected. Isn't that right? Absolutely. Okay. But there is an exception that permits County Council to look at that information without a court order if there's an ongoing investigation. Correct. Juvenile dependency, neglect, abuse. And that's the statute. It's very clear. It's lengthy, but it's quite clear. Yeah, yeah. Okay, I understand your position. I'm out of time. And I hope maybe I can get my three at the end. Thank you. Mr. Powell, you're the appellee. And so you only get to speak once today. Oh, I've got 15 seconds. I will thank you for your time unless you have another question, Your Honor. I'm done. All right, and the appellants have used all of their time. I'll give you two minutes for a very quick rebuttal. That's two minutes shared. So I don't know which of you wants to speak, but you only get two minutes. Oh, very quickly, Your Honor. We believe Mr. Powell is incorrect when he talks about the 14th Amendment. All procedural due process rights, I think we cited that in our brief, but procedural due process violations of state law do not establish a deprivation of a federal constitutional right. Galen v. The County of Los Angeles, a Ninth Circuit case, Force 7753-652, which is 2007, and Roybal, R-O-Y-B-A-L versus Topanish School District, 871 Fed 3rd 927. Again, a 2017 case from this district. So it does not establish a federal constitutional violation. Secondly- Counsel, with Gonzalez, isn't our only option, if we were gonna agree with you and say that there's no constitutional violation, isn't our only option to take this case en banc and do something with a Gonzalez? Oh, I don't know that you'd necessarily have to do that. I mean, certainly that's an option, but I think this court can certainly make it very clear that Gonzalez does not stand for the proposition as held by Judge Ishii when you have three other courts saying differently. I think that that would be very clear. If the procuring decision was extremely- How do we do that? What's the necessary implication of Gonzalez? I'm sorry, I didn't hear that. How do we just decide to read Gonzalez as not establishing a constitutional right when that's the necessarily implication of it? I would agree with you that the majority opinion is not clear, but the implication is that they recognize the right. There is an implication there, but it doesn't say it. So this court can now be clear as to what the law is? I disagree with you as to whether or not it states it. They remanded it, and remanding it. They did. And I'm wondering, the case that you cited may well be that not all statutory protection of documents and privacy is a constitutional violation or potential constitutional violation, but we have one here. So as Judge Hunsaker has said, I don't think it's an implication. They didn't get into how you will allege it, but certainly in the opinion of both the majority and the dissent, they cited constitutional law. Well, I disagree with the court that the majority said anything to that extent. The dissent did address it briefly, and I will concede that. But it's still, the holding in and of itself clearly does not establish what Judge Ishii indicated, and Rigsby, Ismael, and AC versus Cortez certainly said otherwise. One last thing that I wanted to say, given that my clients were private attorneys, Belosky was not the law at the time. It is currently now. So they would certainly be entitled to the qualified immunity analysis. Thank you. All right. I thank counsel for your arguments in this interesting case. This case is submitted. And that concludes our docket for this morning.
judges: Tallman, Silver, Hunsaker